UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01595-PA-MAA                                      Date:  May 6, 2020

Title   Luis Alberto Flores v. J. Sullivan

Present: The Honorable:   MARIA A. AUDERO, U.S. Magistrate Judge

|  James Munoz  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:                Attorneys Present for Respondent:
N/A                                                                  N/A

**Proceedings (In Chambers):**     **Order to Show Cause Why the Petition Should Not Be Dismissed as Moot**

On February 27, 2018, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) The Petition is fully briefed and under submission with the Court.

On October 24, 2019, the Clerk of the Court received a letter from Petitioner notifying the Court of his change of address. Petitioner provided a residential address in Whittier, California. (ECF No. 20.) Searches of the California Department of Corrections' Public Inmate Locator System[1] for Petitioner's name and inmate number return no results. It appears that Petitioner has been released on parole.

Although Petitioner states he "would like to go on with [his] Petition" (ECF No. 20), pursuant to the Court's independent obligation to consider its own subject-matter jurisdiction, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), the Court questions whether this case is moot.

Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). For there to be a live case or controversy, the petitioner must, at all times in the litigation, "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *accord Gator.com Corp. v. L.L.*

---

[1] *Public Inmate Locator System*, Cal. Dep't Corr. & Rehab., https://inmatelocator.cdcr.ca.gov/search.aspx (last visited May 6, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01595-PA-MAA                                              Date:  May 6, 2020

Title   Luis Alberto Flores v. J. Sullivan

*Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc).  "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."  *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).  The "central question" is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief."  *Gator.com*, 398 F.3d at 1129 (citation and quotation marks omitted); *accord NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068 (9th Cir. 2007).

A habeas petition is moot when a petitioner's claim for relief cannot be redressed by a favorable decision of the habeas court issuing a writ of habeas corpus.  *See Spencer*, 523 U.S. at 7; *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).  The case or controversy requirement requires a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought.  *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997); *Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991).

Here, Petitioner does not challenge his conviction or sentence; rather, he challenges the Board of Parole Hearings' decision not to release him on parole in August 2016, which he contends constituted a breach of his plea agreement and a denial of his right to due process.  (Petition at 2, 6-16.)  Assuming Petitioner subsequently has been released on parole, as his notice of change of address indicates (*see* ECF No. 20), it is unclear what relief the Court possibly could grant to redress the purportedly wrongful denial of parole in 2016.  To the extent the Petition seeks a writ compelling Petitioner's release on parole (*see* Petition at 8-9 (contending release was the "only . . . proper remedy")), such relief would not be effective in light of Petitioner's apparent release.  Because there does not appear to be any habeas relief the Court may grant, it appears Petitioner no longer has any legally cognizable interest in the resolution of the Petition, and the Petition is moot.  *See, e.g.*, *Burnett*, 432 F.3d at 999-1000 (finding moot petitioner's due process claim arising from denial of parole after petitioner was released on parole); *Agrio v. Valenzuela*, No. LA CV 15-5164 R (JCG), 2017 U.S. Dist. LEXIS 93224, at *2-3, 2017 WL 2626982, at *1-2 (C.D. Cal. Apr. 25, 2017) (same), *adopted*, 2017 U.S. Dist. LEXIS 93214, 2017 WL 2620790 (C.D. Cal. June 14, 2017); *Jameson v. Chappell*, No. C 13-03525 SBA (PR), 2015 U.S. Dist. LEXIS 63536, at *7, 2015 WL 2337829, at *3 (N.D. Cal. May 14, 2015) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01595-PA-MAA                                              Date:  May 6, 2020

Title   Luis Alberto Flores v. J. Sullivan

     Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the action should not be dismissed without prejudice as moot.  By no later than **June 5, 2020**, Petitioner shall file one of the following responses to this Order to Show Cause:

1. If Petitioner concedes that the action is moot, Petitioner may file and serve a written response stating that he concedes the action is moot.  If Petitioner elects this option, the Court will issue a recommendation that the action be dismissed without prejudice as moot.  Instead of filing the written response described above, Petitioner may dismiss this action voluntarily.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

2. If Petitioner does not concede that the action is moot, he must file a written response explaining in detail why the case is not moot, providing relevant facts and legal authorities.  Petitioner should state whether he has been released on parole.

     **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause by June 5, 2020 will result in a recommendation that the action be dismissed without prejudice as moot.**

     It is so ordered.

Attachment: Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))